UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 28, 2021

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | GRAND JURY ORIGINAL |
| GILBERTO JAVIER APRAEZ-MUNOZ, also known as Veneno, | VIOLATIONS: 21 U.S.C. § 959 (Unlawful Distribution of Five Kilograms or More of Cocaine for Importation into the United States) |
| Defendant. | CRIMINAL FORFEITURE: 21 U.S.C. §§ 853(a), (p) and 970 |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From on or about August 14, 2019, and continuing until on or about August 23, 2019, **GILBERTO JAVIER APRAEZ-MUNOZ, also known as Veneno,** within the country of Colombia, did knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, intending, knowing, and having reasonable cause to believe that the substance would be unlawfully imported into the United States from a place outside thereof.

**(Unlawful Distribution of Five Kilograms or More of Cocaine for Importation into the United States, in violation of Title 21, United States Code, Sections 959)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a) and 970, any property

constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.  The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture,** pursuant to Title 21, United States Code, Section 853(a), (p) and 970)

A TRUE BILL:

Channing D. Phillips / _____   FOREPERSON
Attorney of the United States in
and for the District of Columbia